OAO91 (Rev. 12/03) Criminal Complaint

# UNITED STATES DISTRICT COURT

__Middle__ DISTRICT OF __Tennessee__

UNITED STATES OF AMERICA
V.

BRANDON HARIDSON

CRIMINAL COMPLAINT

Case Number: **13-2060 MK**

(Name and Address of Defendant)

I, the undersigned complainant state that the following is true and correct to the best of my knowledge and belief. On or about __July 4, 2011__ in __Montgomery__ County, in the __Middle__ District of __Tennessee__ defendant(s) did,
(Date)

(Track Statutory Language of Offense)
having previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one (1) year, did knowingly possess, in and affecting commerce, a firearm, to wit: a Taurus, Model 605, .357 caliber revolver.

in violation of Title __18__ United States Code, Section(s) __922(g)(1) and 924__.

I further state that I am a(n) __Special Agent, ATF__ and that this complaint is based on the following facts:
Official Title

See attached Statement in Support of Criminal Complaint incorporated herein.

Continued on the attached sheet and made a part of this complaint: ☒ Yes ☐ No

_____
Signature of Complainant

Jacob Rundle, Special Agent, ATF
Printed Name of Complainant

Sworn to before me and signed in my presence,

6/25/2013
Date

at Nashville, Tennessee
City          State

E. Clifton Knowles     U.S. MAGISTRATE
Name of Judge          Title of Judge

_____
Signature of Judge

# STATEMENT IN SUPPORT OF CRIMINAL COMPLAINT

I, Jacob A. Rundle, being first duly sworn on oath, state as follows:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives and have been employed as an ATF agent since December, 2009. Currently, I'm assigned to the Nashville Violent Crime Impact Team. Prior to the ATF, I was a police officer with the city of Clarksville, TN and a U.S. Army CID Special Agent.

2. This affidavit is submitted in support of a Criminal Complaint for the arrest of Brandon HARDISON, herein referred to as HARDISON. HARDISON is a previously convicted felon. On or about July 4, 2011, HARDISON possessed a Taurus, Model 605, .357 caliber revolver, in violation of Title 18, United States Code, Section 922(g)(1).

3. The following information contained in this affidavit is based on my training and experience, my personal participation in this investigation, and information provided to me by other law enforcement officials, including witness interviews. Where conversations are related herein, they are related in substance and in part. Not all of the facts of the investigation known to me are contained herein, only those necessary to establish probable cause for the arrest of HARDISON.

4. On February 20, 2013, your affiant was notified by a Clarksville Police Department (CPD) Detective about a photograph of HARDISON holding two firearms which was found on TO's Facebook page (see *Attachment 1*). HARDISON was holding what appeared to be a silver-colored revolver in his hand and a pistol with a black slide in his other hand. According to the date on Facebook, the photo was uploaded on July 4, 2011.

5. On May 13, 2013, TO was interviewed about the photograph attached as *Attachment 1* and stated, in part, the following: he believed the silver-colored revolver in HARDISON's hand was a .357 caliber firearm. TO believed the revolver was a Taurus revolver. TO bought the revolver from HARDISON. HARDISON told TO the revolver did not belong to HARDISON; rather, HARDISON was selling it for someone else. TO met HARDISON at an apartment in Clarksville, Tennessee, to purchase the revolver. Nobody else was present with TO and HARDISON when the transaction took place. During the transaction HARDISON showed TO the revolver, but at the same time, HARDISON was holding another pistol. During the transaction, TO took out his Masterpiece Arms pistol and took the photo of himself and HARDISON; TO was holding the Masterpiece Arms pistol and HARDISON holding the silver-colored revolver and the other pistol. TO took the photo of them in front of a mirror. TO recalled either uploading the photograph to Facebook immediately after it was taken or within a few days to a week afterwards. TO believed he paid HARDISON about $200- $250 for the revolver. TO could not remember if he paid HARDISON when he received the revolver or if he paid him later; however, TO thought he paid HARDISON at the time of the transaction. TO believed that he gave the money to HARDISON and nobody else was present when he paid HARDISON. TO stated that he did not know anything about the black pistol held by HARDISON in the photograph in

1

*Attachment 1*. TO knew the revolver was not stolen because he had been pulled over by the police after purchasing the firearm and the police checked it and thereafter returned the firearm. TO recalled the traffic stop occurred near Tiny Town Road and Hunter's Point, in Clarksville, Tennessee. TO was stopped for speeding; however, he did not receive a citation or a written warning. TO stated that he had fired the silver-colored revolver seen in *Attachment 1* at a shooting range and acknowledged that there was a video of TO firing the silver-colored revolver at the shooting range on the internet. Your affiant has viewed this video and the silver-colored revolver seen in the video appears consistent with the silver-colored revolver shown in the *Attachment 1*.

6. Your affiant searched law enforcement databases and located records of the traffic stop made by the Clarksville Police Department (CPD) as described by TO and the firearm serial number which was queried thereafter. TO was stopped at or near the 2300 block of Tiny Town Road on July 16, 2011, at 23:59 hours. There was only one firearm queried by CPD during that time frame and it had the serial number BY95819. Based upon information contained upon Taurus International MFG, Inc. USA's website and an ATF firearms trace, your affiant has confirmed that this serial number is associated with a Taurus, model 605, .357 caliber revolver.

7. On June 24, 2013, your affiant interviewed HARDISON after advising him of his rights, which he waived. Your affiant showed HARDISON the photograph in *Attachment 1*. HARDISON stated, in part, the following: HARDISON obtained the silver-colored revolver from an unnamed individual one afternoon in Nashville, Tennessee. HARDISON had gone to Nashville with his girlfriend, who didn't know he had gotten the revolver. HARDISON and his girlfriend then returned home to Clarksville, Tennessee. Sometime later that night or the next day, HARDISON's girlfriend found out he had the revolver and told him to get rid of it. Within a day or so after that, HARDISON traded the silver-colored revolver to TO in exchange for the pistol HARDISON was holding in his other hand in the photograph. The pistol HARDISON received from TO in exchange for the revolver did not function properly. HARDISON later told TO the gun didn't function properly, but never received any money for it. Your affiant informed HARDISON the photograph was uploaded on July 4, 2011, and asked if that seemed to be the right time frame and HARDISON indicated that he believed it was.

8. Your affiant has received certified judgments from Davison County, Tennessee, detailing Brandon HARDISON's felony convictions. The judgments indicate HARDISON had sustained the following felony convictions prior to July 4, 2011:

    a. On February 10, 2005, Case# 2004-C-1828, in the Criminal Court of Davidson County, Tennessee, HARDISON was sentenced to eight years for Aggravated Robbery, a felony.
    b. On February 10, 2005, Case# 2004-C-1962, in the Criminal Court of Davidson County, Tennessee, HARDISON was sentenced to three years for Possession Schedule II Drugs Cocaine, a felony.

2

9. Your affiant interviewed SA Wayne Kilday, an ATF Interstate Nexus Specialist regarding the Taurus revolver in this case. SA Kilday has previously qualified and testified as an expert witness relative to firearms interstate nexus in the United States District Court, Middle District of Tennessee, the Western District of Tennessee, and the Eastern District of Arkansas. Based on SA Kilday's experience, training, and research, it was his opinion that the Taurus revolver referenced in this investigation was a firearm as defined by Title 18 U.S.C., Section 921 (a)(3) and was not manufactured in the state of Tennessee. Therefore, the aforementioned firearm, at some point, traveled in interstate or foreign commerce.

10. All of the above described events occurred in the Middle District of Tennessee.

Further affiant sayeth not.

JACOB A. RUNDLE
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and Sworn to before me this 25 day of June, 2013.

E. CLIFTON KNOWLES
United States Magistrate Judge

3

